COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        John Robert Coulter v. The State of Texas

Appellate case number:      01-15-00018-CR

Trial court case number:    12-DCR-061834

Trial court:                434th District Court of Fort Bend County

The record was filed in this appeal on May 4, 2015. On August 17, 2015, appellant filed a motion for extension of time to file his brief and notified this Court that a portion of the reporter's record was missing. According to appellant, prior to direct examination of the child witness, the child, Judge, Prosecutor, and defense counsel were in one courtroom while the Jury and the defendant watched the testimony from another courtroom. Appellant states that the "Child was videotaped for some extended period of time before she testified, and the Jury could see her demeanor and playing with her dolls. Apparently one or more of the Jurors may have even become emotional at seeing this witness, even before the first question was asked." Appellant has attempted to view the videotape of the child, but it has not been located. Appellant asks this Court to "order the Court Reporter to make this video available to Defendant's Counsel, and also to the State's Appellate Counsel."

Based on appellant's contentions, it appears that there may be an inaccuracy in the reporter's record or that a portion of the reporter's record may have been lost or destroyed. *See* TEX. R. APP. P. 34.6(e)(2), (3), (f). Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Fort Bend District Attorney's Office, appellant's counsel, Jim Bennett, and the court reporter, Karen Woolsey, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that

The trial court is directed to:

(1) Determine whether the child witness was observed by the jury before direct examination began and whether this portion was stenographically or otherwise recorded or whether the presence of the court reporter was either waived or otherwise not requested by the appellant;

    a. If the child witness was observed by the jury before direct examination and it was recorded, determine whether the court reporter is able to prepare, certify, and file a transcription of this proceeding;

    b. If the child witness was observed by the jury before direct examination but not recorded, determine why it was not recorded;

(2) Determine whether any testimony was given by the child witness before direct examination;

(3) If testimony was given by the child witness before direct examination, determine whether the testimony was stenographically or otherwise recorded and whether the court reporter is able to prepare, certify, and file a transcription of the testimony;

(4) Determine whether any other testimony, argument, or proceedings from the trial of this cause have been omitted from the reporter's record filed with this Court on May 4, 2015;

(5) If other testimony, argument, or proceedings from the trial of this cause have been omitted from the reporter's record on file with this Court, determine whether the testimony, argument, or proceedings was or were stenographically or otherwise recorded and whether the court reporter is able to prepare, certify, and file a transcription of the testimony, argument, or proceedings;

(6) If any portion of the trial proceedings has been omitted from the reporter's record on file with this Court but can be prepared, certified, and filed by the court reporter, order the court reporter to prepare, certify and file a supplemental reporter's record containing the missing portions of the trial proceedings, and provide a deadline for filing the supplemental record of no later than 30 days from the date of the abatement hearing in the trial court;

(7) If any portion of the trial proceedings has been omitted from the reporter's record on file with this Court and cannot be prepared, certified, and filed in a supplemental reporter's record, determine:

---

provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and her counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

a. Whether the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

b. Whether the lost or destroyed portion of the reporter's record can be replaced by agreement of the parties;

(8) make any other findings and recommendations the trial court deems appropriate; and

(9) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. GOV'T CODE ANN. § 52.046 (West 2013); TEX. R. APP. P. 13.1(a), 34.6(a)(1), (2), (d), (e)(2), (3), (f), 35.3(b), (c).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Chief Justice Sherry Radack
　　　　　　　　☒ Acting individually　　☐ Acting for the Court


Date: October 13, 2015